UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Alejandro Guerrero-Moran (A-Number: 233-015-105),

Petitioner,

v.

Warden, California City Detention Center,

Respondent.

No. 1:26-cv-08607-KES-FJS (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN 10 DAYS

Doc. 1

Petitioner Alejandro Guerrero-Moran is an immigration detainee proceeding pro se with a petition for writ of habeas corpus. Doc. 1. The petition challenges the statutory authority for petitioner's detention. Doc. 1 at 1. Petitioner requests "immediate release if the Government cannot demonstrate a lawful basis for detention," or, in the alternative, "an individualized, prompt hearing with constitutionally adequate procedures." *Id*. at 1–2.

Respondent argues that "detention is discretionary under 8 U.S.C. §1226(a)" because petitioner "was not previously encountered by immigration authorities." Doc. 6 at 1. But respondent acknowledges that "[f]ederal regulations provide that aliens detained under § 1226(a)

receive bond hearings at the outset of detention," which has not happened here. *See id.* (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018)). Respondent indicates that they have "no objection to the Court ordering a bond hearing be set." *Id.* at 2.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondent is ORDERED to provide petitioner Alejandro Guerrero-Moran (A-Number: 233-015-105) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances and alternative conditions of release in the event petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond. If respondents do not provide petitioner with a bond hearing within ten (10) days, then respondents must release him.[1]

The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: October 30, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.